A94A2072. S. J. T., INC. v. RICHMOND COUNTY.
(449 SE2d 868)

BLACKBURN, Judge.

This discretionary appeal is from the trial court's order affirming the decision of the Richmond County Board of Commissioners revoking appellant S. J. T., Inc.'s (S. J. T.) license to sell alcohol at a night club and bar which it owns and operates, known as T J Smiles. T J Smiles is located in the unincorporated part of Richmond County, Georgia, and provides nude dancing.

The decision of the Richmond County Board of Commissioners was reached on February 8, 1994 at a hearing conducted to consider probation, suspension and/or revocation of T J Smiles' license to sell alcoholic beverages for a nude dancing violation of Section 3-34, Part II of the Richmond County Code on January 14, 1994.

The ordinance[1] prohibited certain types of entertainment, attire and conduct on premises licensed to sell, serve or dispense alcoholic beverages. Excepted, however, from the reach of the ordinance were the premises of mainstream performance houses, museums or theaters deriving less than 20 percent of their gross annual incomes from the sale of alcoholic beverages.

Without considering any evidence as to the nature of T J Smiles' gross annual income, the Board of Commissioners found T J Smiles was not a mainstream performance house and voted six to one to revoke its liquor license. The one "no" vote was based upon the absence of a definition of "mainstream" in the ordinance and the failure of the testimony before the Board to establish what it was. Further, before voting, the county attorney advised the Board that "[i]f in your opinion [T J Smiles] is a mainstream performance house, museum, or theater, then the criteria would go to whether or not the — that performance house derives more than 20% of its income from alcohol sales. However, if it's your opinion that this is not a mainstream performance house, museum or theater, then your — that's the only consideration that you have to make, and you do not get into the question of the percentage of alcohol sales."

Appellant challenges the order and judgment of the trial court on two grounds: (1) that the complained-of ordinance is void for vagueness with respect to the word "mainstream," and (2) that a requirement to find a business to be "mainstream" before determining it should be excepted from the ordinance on the basis of "alcohol sales as a percentage of gross annual sales," constitutes an improper prior

---

[1] The ordinance, in pertinent part, provides that: *"Section 2. Enactment.* The following types of entertainment, attire and conduct are prohibited upon any premises licensed to sell, serve, or dispense alcohol beverages for consumption on such premises within the unincorporated area of Richmond County.

"(1) The employment or use of any person, in any capacity, in the sale or service of alcohol beverages while such person is unclothed or in such attire, costume or clothing, as to expose to view any portion of the female breast below the top of the areola or any portion of the male or female pubic hair, anus, cleft of the buttocks, vulva and genitals.

"(2) Live entertainment where any person appears in the manner described in paragraph (1) of this section or where such persons (or person) perform(s) acts of or acts which simulate any of the following:

"(a) Sexual intercourse, masturbation, sodomy, bestiality, oral copulation, flagellation or any sexual act which is prohibited by law.

"(b) The caressing or fondling of the breasts, buttocks, anus or genitals.

"(c) The displaying of the male or female pubic hair, anus, vulva or genitals.

"(3) The holding, promotion, sponsoring or allowance of any contest, promotion, special night, event or any other activity where patrons of the licensed establishment are encouraged or allowed to engage in any of the conduct described in paragraphs (1) and (2) above; *provided, however, that nothing contained in this Section 2 shall apply to the premises of any mainstream performance house, museum, or theater which derives less than twenty (20) per cent of its gross annual income from the sale of alcohol beverages."* (Emphasis supplied.)

restraint on protected speech. We agree.

The Supreme Court recently recognized "nude dancing is a form of expression protected by the free speech guarantees of the constitutions of the United States and the State of Georgia. In determining whether restriction on that expression is permissible, [the Supreme Court] has [required] that laws regulating such expression must (1) further an important government interest and (2) be unrelated to the suppression of speech, and (3) that the incidental restriction of speech must be no greater than is essential to further the government interest." (Citations omitted.) *S. J. T., Inc. v. Richmond County*, 263 Ga. 267, 268 (430 SE2d 726) (1993).

The Supreme Court, in upholding the constitutionality of the ordinance now before this court, held that the mainstream performance house exception bore a "rational relation to the proper legislative purpose of limiting undesirable effects of combining public nudity with alcohol consumption." Id. at 270-271. Moreover, it did so upon the explanation that the "exception in the ordinance is obviously intended to limit the application of the ordinance to those *establishments . . .* for which alcohol sales make up the largest portion of income." (Emphasis supplied.) Id. at 270. It is thus evident that the exception is not conditioned upon a business establishment first being deemed to be "mainstream." Accordingly, alcohol sales as a percentage of gross annual sales is the sole test applicable to determining whether a business is to be excepted from the ordinance.

To construe the applicability of the exception as first requiring testing for that which is "mainstream" but otherwise undefined, in our view, would be to adopt a construction which would be constitutionally impermissible for vagueness and overbreadth and would be contrary to our Supreme Court's holding in *S. J. T., Inc. v. Richmond County*, supra. It would be to do that which has occurred below. Accordingly, we reverse.

*Judgment reversed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 12, 1994 —
RECONSIDERATION DENIED OCTOBER 28, 1994 —

*John P. Batson*, for appellant.
*Burnside, Wall, Daniel, Ellison & Revell, James B. Wall, Harry D. Revell*, for appellee.